## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Luis Alberto Diaz, ("Releasor") and American Recycling Corp. (hereinafter the "Company"). Releasor filed a suit on November 15, 2016, in the U.S. District Court for the Middle District of Florida, Tampa Division, Case No.: 8:16-cv-03200-VMC-AEP, against the Company alleging violations of the Fair Labor Standards Act regarding unpaid wages. The Company disputes Releasor's allegations as set forth in the Complaint. The Parties have come to a compromise agreement to settle the case, as more fully described below, and to dismiss the lawsuit with prejudice.

1. <u>Consideration</u>. After Releasor signs this Agreement, the Court approves the settlement, and the case is dismissed with prejudice, he is entitled to the following payments:

    (a)   A check made payable to Releasor for One Thousand Two Hundred and Fifty Dollars and 00/100 ($1,250.00), less required deductions and withholdings for Releasor's alleged unpaid overtime and/or wages. The Company will issue a W-2 to Releasor for this amount at the appropriate time. Said payment shall be due to Releasor within one (1) weeks of the Court's dismissal with prejudice.

    (b)   A check made payable to Releasor for One Thousand Two Hundred and Fifty Dollars and 00/100 ($1,250.00) for liquidated damages. The Companies will issue a 1099 to Releasor for this amount at the appropriate time. Said payment shall be due to Releasor within (1) weeks of the Court's dismissal with prejudice.

    (c)   A check made payable to Wenzel Fenton Cabassa, P.A. for a total of Three Thousand Five Hundred Dollars and 00/100 ($3,500.00) for attorneys' fees and costs. The Company will issue a 1099 to Wenzel Fenton Cabassa, P.A. for this amount at the appropriate time. Said payment shall be due within one (1) weeks of the Court's dismissal with prejudice.

2. <u>Release of Claims</u>. In consideration of the payments above, Releasor discharges the Company, its parents, affiliates, and subsidiaries, and their current and former directors, officers, shareholders, attorneys, agents, representatives, and employees, and each of their predecessors, successors, and assigns (hereinafter the "Releasees") from any and all liability or damages, liquidated or otherwise, under the Fair Labor Standards Act, including any claim for costs or attorneys' fees under the statute. Releasor authorizes counsel for the Companies to file a Joint Stipulation for Dismissal of the above-referenced lawsuit with prejudice.

3. <u>No Admission of Liability</u>. Nothing in this Release constitutes or should be construed to constitute any admission or evidence of any liability or violation of any federal, state, or local law or the common law on the part of the Company. Releasor further understands and agrees that the Company denies any such liability and, by making the promises herein, it intends merely to resolve on amicable terms any and all differences which may exist.

4. **Opportunity for Review.** Releasor acknowledges that he has carefully read this Settlement Agreement and understands all of its terms, including the full and final release of claims set forth above.

5. **Severability.** To the extent that any provision of this Agreement shall be deemed by any court to be unenforceable, such provision shall be deemed modified or omitted to the extent necessary to make the remaining provisions enforceable.

6. **Governing Law.** This Agreement will in all respects be interpreted, enforced, and governed under the laws of the State of Florida. Venue for any dispute related to this Agreement will be in a court of competent jurisdiction in Hillsborough County, Florida.

7. **Modification.** This Agreement cannot be modified except by written consent of the Parties. The language in this Agreement will in all cases be construed as a whole according to its fair meaning and not strictly for or against any party.

8. **Waiver of Term, Provision, or Condition.** The waiver by a party of a breach of any provision of this Agreement shall not operate or be interpreted as a waiver of any later breach of this provision or any other provision.

Signed this 31st day of January, 2017.

_____
LUIS ALBERTO DIAZ

STATE OF Florida

COUNTY OF Hillsborough

BEFORE ME, the undersigned authority, personally appeared, LUIS ALBERTO DIAZ, who, after being duly cautioned and sworn, deposes and says he has read the above Settlement Agreement and that he has set his hand and seal thereto for the purposes therein expressed.

The foregoing instrument was acknowledged before me this 31st day of January, 2017, by Luis Alberto Diaz, who is personally known to me or who has produced D263521650810 FL DL as identification.

T. R. SORIANO
Notary Public - State of Florida
My Comm. Expires Sep 18, 2018
Commission # FF 125277
Bonded Through National Notary Assn.

_____
Notary Public
Signed this 31st day of January, 2017.

2

_____
AMERICAN RECYCLING CORP.

STATE OF _Florida_
COUNTY OF _Hillsborough_

KATHRYN HOPKINSON
MY COMMISSION #FF009249
EXPIRES April 17, 2017
(407) 398-0153   FloridaNotaryService.com

BEFORE ME, the undersigned authority, personally appeared _Claudia Ocampo_, on behalf of AMERICAN RECYCLING CORP., who, after being duly cautioned and sworn, deposes and says (s)he has read the above Settlement Agreement and that (s)he has set his/her hand and seal thereto for the purposes therein expressed.

The foregoing instrument was acknowledged before me this _30th_ day of _Jan_ 2017, by _Claudia Ocampo_, on behalf of American Recycling Corp.0, who (is personally known to me or who has produced _____ as identification.

_____
Notary Public
Signed this _30th_ day of _January_, 2017.

3