```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

LUIS ALBERTO DIAZ,

    Plaintiff,
v.                                Case No. 8:16-cv-3200-T-33AEP

AMERICAN RECYCLING CORP.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Second Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. # 19), which was filed on January 31, 2017. The Court grants the Motion.

**I.  Background**

Luis Alberto Diaz filed this Fair Labor Standards Act case against his employer, American Recycling Corp., on November 16, 2016. (Doc. # 1). American Recycling filed its Answer on December 6, 2016, and on December 7, 2016, the Court issued its FLSA Scheduling Order. (Doc. ## 7, 8). Diaz filed his Answers to the Court's Interrogatories on January 6, 2017. (Doc. # 14). American Recycling filed a Notice of Settlement on January 20, 2017. (Doc. # 15). At the Court's direction, the parties seek Court approval of the settlement. (Doc. # 19).

**II. Analysis**

Diaz alleges that American Recycling violated the

overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Diaz will receive $1,250.00 for unpaid wages and will receive $1,250.00 in liquidated damages. (Doc. # 19-1 at 1). It has also been agreed that Diaz's counsel will receive $3,500.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Diaz for alleged FLSA violations. (Doc. # 19 at 2). Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Second Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. # 19) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.